## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GENESIS CORPORATE SOLUTIONS, LLC, )
an Illinois limited liability company, d/b/a Yash )
Technologies Corporate Solutions, LLC, and )
YASH TECHNOLOGIES, INC., an Illinois )
corporation, )
                                        )
           Plaintiffs, )
                                        )     Case No. 15 cv 1822
      v. )
                                          )     Judge Sharon Johnson Coleman
SHIREEN SHEKARAMIZ, )
                                        )
           Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Genesis Corporate Solutions, LLC, d/b/a Yash Technologies Corporate Solutions, LLC, ("Genesis") and Yash Technologies, Inc., ("Yash Technologies"), filed a complaint for declaratory judgment seeking a judicial declaration that Genesis did not unlawfully discriminate against defendant Shireen Shekaramiz and Yash Technologies was not Shekaramiz's employer. Shekaramiz moves to dismiss [9] the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), arguing that this Court lacks subject matter jurisdiction because there is no case or controversy ripe for adjudication, the Court lacks personal jurisdiction over Shekaramiz, and plaintiffs fail to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants the motion and dismisses the complaint.

**Background**

For purposes of ruling on this motion, the Court accepts as true the following facts. Genesis Corporate Solutions is an Illinois liability company and Yash Technologies is an Illinois corporation. Defendant Shireen Shekaramiz was an employee of Genesis Corporate Solutions from June 17, 2013 to July 24, 2013. Prior to the end of her employment with Genesis Corporate Solutions, Shekaramiz

filed a Charge of Discrimination with the Chicago District Officer of the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs filed a position statement with the EEOC denying the allegations. Following an investigation, the EEOC issued a final determination on February 17, 2015, which found that "the evidence obtained during the course of the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party because of her sex, female (pregnancy), in that she was demoted, in violation of Title VII [of the Civil Rights Act of 1964, as amended]." (Dkt. 1-2, Compl. Ex. B, EEOC Final Determination). Plaintiffs seek a judicial declaration that they did not unlawfully discriminate against Shekaramiz and Yash Technologies.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) a complaint should be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two sources of subject matter jurisdiction. *See* U.S. Const. Art. III, Sec. 2. The relevant type of subject matter jurisdiction here is federal question, which gives courts original jurisdiction over all civil matters arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §1331. The court must also dismiss a complaint if it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction exists if the defendant has sufficient minimum contacts with the forum state such that she has purposely availed herself of the laws of that state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-476 (1985). A complaint must be dismissed under Rule 12(b)(6) if it fails to state a justiciable claim. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 2201 (requiring a "case of actual controversy" within the court's jurisdiction for a valid justiciable claim for declaratory judgment to be proper).

**Discussion**

The Court first must address the issue of ripeness to determine whether the Court has subject matter jurisdiction, without which personal jurisdiction over Shekaramiz is immaterial.

Defendant moves to dismiss the complaint, arguing that the EEOC determination that Genesis and Yash Technologies discriminated against Shekaramiz does not provide the basis for a ripe and justiciable claim for declaratory judgment. This Court agrees.

The Declaratory Judgment Act states in relevant part that, "[i]n a case of actual controversy within its jurisdiction… any court of the United States… may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has interpreted this provision as referencing the types of "cases" and "controversies" that are considered justiciable under Article III of the Constitution. *See MedImmune, Inc. v. Genetech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764 (2007). In order to evaluate the existence of a case or controversy, this Court must consider whether the facts alleged under the circumstances show there is a substantial controversy between the parties or an immediacy that requires the issuance of a declaratory judgment. *Id.* For actions arising from administrative decisions, the administrative decisions must have "been formalized and its effects felt in a concrete way by the challenging parties[,]" for the district court to assert jurisdiction. *Pacific Gas and Elec. Co. v. State Energy Resources Conservation & Development Com'n,* 461 U.S. 190, 200, 103 S.Ct. 1713 (1983).

Here, the determination from the EEOC finding that there is "reasonable cause to believe that [Genesis and Yash Technologies] discriminated against [Shekaramiz] because of her sex, female (pregnancy), in that she was demoted, in violation of Title VII," has no concrete effect on its own. As the Fourth Circuit Court of Appeals described the EEOC's determination of reasonable cause, "[st]anding alone, it is lifeless, and can fix no obligation nor impose any liability on the plaintiff. It is merely preparatory to further proceedings." *Georator Corp. v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979). "The Commission's determination of reasonable cause, while final in itself, has no effect until either the Commission or the charging party brings suit in district court." *Id.* at 769. Based on the EEOC determination in this case, Shekaramiz could pursue a complaint in federal court for

violation of Title VII, but she has not done so yet. Likewise the EEOC could pursue a complaint against Genesis and Yash Technologies, but it has not done so yet. Accordingly, this Court finds that Genesis and Yash Technologies fail to state a ripe and justiciable claim.

If ripeness were not an issue, this Court would clearly have jurisdiction over the claim. A claim of discrimination pursuant to Title VII of the Civil Rights Act of 1964 is a claim arising from federal law over which this Court would have original jurisdiction. *See* 28 U.S.C. §1331. This Court would also have supplemental jurisdiction over attendant state claims pursuant to 28 U.S.C. §1367. Additionally, if ripeness were not an issue, this Court would have personal jurisdiction over Shekaramiz. Her filing of a discrimination charge with the Illinois Department of Human Rights on July 15, 2013, is sufficient to satisfy the purposeful availment requirement for this Court to assert jurisdiction over her. Yet, without a ripe case or controversy, this Court must dismiss the complaint.

Based on the foregoing, this Court grants Shekaramiz's motion to dismiss [9] and dismisses the Complaint without prejudice.

IT IS SO ORDERED.

Date: December 15, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge